UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER VARGAS JR., <br><br> Plaintiff, <br><br> v. <br><br> G. GONZALES, et al., <br><br> Defendants. | No.  1:20-cv-01634-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AS FRIVOLOUS <br><br> (ECF No. 1) <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED <br><br> (ECF No. 7) <br><br> 21-DAY DEADLINE <br><br> ORDER FOR CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE |

Plaintiff Francisco Javier Vargas Jr. ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 23, 2020 in the Sacramento Division of this district. (ECF No. 1). The Complaint, which was transferred to this division on November 18, 2020, (ECF No. 10), alleges that prison employees are surveilling and torturing Plaintiff with stolen or unique electronic equipment, some of which is in a residence in Bakersfield, California. On November 2, 2020, Plaintiff filed a motion for a temporary restraining order against certain

1  defendants based on allegations of harassment and electronic surveillance. (ECF No. 7).

2  The Court finds that the Complaint alleges claims regarding electronic surveillance that
3  rise to the level of irrational or wholly incredible, and recommends that the complaint be
4  dismissed without leave to amend. The Court further recommends denying Plaintiff's motion for
5  a temporary restraining order.

6  **I.    SCREENING REQUIREMENT**

7  The Court is required to screen complaints brought by inmates seeking relief against a
8  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
9  Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally
10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
12 As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28
13 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
14 the court shall dismiss the case at any time if the court determines that the action or appeal fails to
15 state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

16 A complaint is required to contain "a short and plain statement of the claim showing that
17 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
18 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
19 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
20 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
21 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting
22 *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this
23 plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not
24 required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681
25 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal
26 conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

27 Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
28 pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

pro se complaints should continue to be liberally construed after *Iqbal*).

## II.    ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges as follows:

Plaintiff names ten Defendants: G. Gonzales, from California Substance Abuse Treatment Facility ("SATF"); Sgt. Jesse Gonzales, from California State Prison-Corcoran ("Corcoran"); Jodie Rivera, from SATF; Lt. Johnny Rivera, from Corcoran; Jane Doe, who uses the stolen identity of Josefina Prado but is not victim Josefina Cesa Prado; J. Ceballos, from Corcoran; Correctional Sergeant Freeman, from Corcoran; Correctional Officer Baeza, from Corcoran; Correctional Officer A. Guzman, from Corcoran; and Correctional Officer Ochoa, from Corcoran.

Prison guards broke into Plaintiff's family's home and physically attacked Plaintiff's family members. Some correctional employees were arrested in connection with the attack. As revenge for Plaintiff's family members having other correctional employees arrested, Defendants have singled out Plaintiff. Plaintiff has been stalked and spied on illegally, and there have been threats to female members of Plaintiff's family.

Defendants have been conducting electronic surveillance on him:

> I was subjected to illegal and unusual form of punishment which is considered torture by the definition of the torture convention of 78 while being subjected to illegal electronic surveillence from outside of the scope of physical jurisdiction of CDCR at a private residence using stolen equipment out of Cal. Subs. Abuse Treatment Facility used for "intelligence" within the CDCR institution, out of a residence in Bakersfield California. The purpose for the spyware is to stalk and subject the victims to "punishment", stalking, taunting , and to cause the victims to suffer from mental decompensation "while opperating this equipment illegally" for proffit, betting, and personal entertainment of the Defendants responsible and identified to the crimes against my family and self.

(as in original).

Additionally, various Defendants are using electronic devices to cause Plaintiff to hear voices:

> I was illegally placed against my knowledge and will, in violation of my civil rights to the operration that uses a unique electronic device(s) to transmit the real "klural human voice" of opperator with the consent and full knowledge of all, including civilian Jane Doe "using stolen identity of victim Josefina C. Prado "Aunt" to inmate and victim to crimes by "G Gonzales" $ SGT J.

3

> Gonzales. I am forced to listen to "verbalized" transmitions using their covered voice prints stolen from prior victims to cause "Petitioner" to assume he is hearing other aunts, cousins and uncles for the purpose of sleep deprevation, sexual assault, physical torture, which in it's form is unusual and difficult to report by victims to cause victim "Petitioner" to feel that I "he" or any person is going crazy and hearing voices for revenge after arrest of personnel.

(errors in original).

Corcoran and SATF personnel were involved in covering up the criminal offenses against Plaintiff's family members. Various defendants failed to protect Plaintiff from this torture. Defendants changed Plaintiff's outgoing mail to read in a sexually explicit fashion. Defendants caused a separation between Plaintiff and his family members.

Various Defendants either wish to have, or claim to have had, a sexual relationship with Plaintiff's family members. Plaintiff has filed over 200 grievances and complaints concerning his treatment. Plaintiff has been sexually harassed.

Plaintiff seeks an injunction against CDCR to terminate all illegal surveillance. Plaintiff also requests the names and serial numbers of all employees for assaulting and infecting family members with infectious diseases.

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

4

1   *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

2   To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under
3   color of state law, and (2) the defendant deprived him of rights secured by the Constitution or
4   federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*
5   *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state
6   law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he
7   does an affirmative act, participates in another's affirmative act, or omits to perform an act which
8   he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*
9   *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,
10  588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an
11  official sets in motion a 'series of acts by others which the actor knows or reasonably should
12  know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183
13  (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard
14  'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d
15  1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.
16  2008).

17  Additionally, a plaintiff must demonstrate that each named defendant personally
18  participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must
19  be an actual connection or link between the actions of the defendants and the deprivation alleged
20  to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S.
21  658, 691, 695 (1978).

22  **IV.   ANALYSIS OF COMPLAINT**

23  A complaint will be considered frivolous, and therefore subject to dismissal under §
24  1915(e)(2)(B) or 1915A(b)(1), "where it lacks an arguable basis either in law or in fact." Ni*etzke*
25  *v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).
26  A federal court cannot properly *sua sponte* dismiss an action commenced in forma pauperis if the
27  facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. Thus, a complaint
28  may be properly dismissed sua sponte if the allegations are found to be "fanciful," "fantastic," or

"delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

Courts have dismissed similar allegations—including in another of Plaintiff's cases—as frivolous. *See, e.g., Vargas v. Gonalzes*, No. 2:20-cv-00667-CJC (SK) (C.D. Cal. March 3, 2020) (dismissing Plaintiff's case as frivolous because "allegations of eavesdropping through hidden devices 'are too implausible, outlandish, and far-fetched to be believed'" (quoting *Anaya v. Barrios*, 2017 WL 345206, at *3 (E.D. Cal. Jan. 23, 2017))); *Clinton v. Dir.*, No. CIV S-09-0645 DAD P, 2009 WL 799084, at *2 (E.D. Cal. Mar. 24, 2009) (where prisoner alleged that defendant director of CDCR allowed U.S. Department of Justice officials to "monitor him and use electronic devices to cause him extreme sleep deprivation," dismissing complaint as frivolous because it was "based on the outlandish premise the Director of the California Department of Corrections and Rehabilitation has allowed officials from the United States Department of Justice to monitor and torture him. Plaintiff's allegations are too far-fetched to be believed"); *Waldrop v. Dep't of Corr.*, 2006 WL 2926754, at *2 (E.D. Cal. Oct. 11, 2006) (dismissing parolee's claim that CDCR had placed radio transmitters in his ears and uses satellite to monitor him); *Simon v. CDCR*, No. CIV S-10-2555 GEB, 2012 WL 892281, at *2 (E.D. Cal. Mar. 14, 2012) (dismissing claim that hundreds of prison officials across the state have used a "mind-bending" device utilizing penilephethymegraph/GPS technology to torture him and to modify his behavior); *Rutledge v. Foster*, No. 2:18-CV-1847, 2019 WL 175281, at *3 (E.D. Cal. Jan. 11, 2019) (dismissing action at screening alleging that individuals sexually molest him via a police-issued satellite).

Here, Plaintiff alleges that Defendants, who are guards from two different prisons, use stolen electronic equipment in a Bakersfield, California residence to spy on him; that a device outside of the prison causes him to hear human voices; and that Defendants torture him this way because Plaintiff's family members had other prison guards arrested for violent crimes. These allegations are beyond implausible and arise to wholly incredible.

///

1      The premise that ten guards from two prisons have stashed stolen electronic equipment in a Bakersfield residence to spy of Plaintiff is beyond the implausible. The Court is aware of no technology that would facilitate such remote surveillance. Likewise, the Court is aware of no technology that causes a single individual far away to hear human voices that others cannot. Plaintiff does not describe any facts that support this speculation, such as seeing such a device being used or corroboration from third parties. Although the Court construes the facts in favor of Plaintiff and takes as true that Plaintiff hears voices, his belief that the voices have somehow been electronically transmitted by ten different people is beyond implausible. Thus, the Court finds that the allegations are frivolous.

     The Court notes that Plaintiff brought substantially the same claims against some of the same defendants in the Central District of California in *Vargas v. Gonzales*, No. 2:20-cv-00667. There, Plaintiff alleged that he "was being subjected to the illegal surveillance visual and verbal by the use of reported illegal wired communications device in opperation [sic] at the personal residence of the named defendant and supervised by named defendant(s)" and that "[t]he harassment consisted and consist of psychological torture and physical injuries with the verbal transmission of human voice[.]" ECF No. 6 at 34. The Central District of California found the complaint frivolous and dismissed it. ECF No. 8.

     Plaintiff also mentions a variety of other alleged constitutional violations. He alleges allegations regarding harm done to his family members. "Generally speaking, 'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'" *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1234–35 (9th Cir. 2014) (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991)). Setting aside whether Plaintiff's allegations as to other family members have any rational basis, alleged injuries to Plaintiff's family members cannot be brought by Plaintiff as those claims rest on the legal rights of third parties.

     Plaintiff also alleges that he has been tortured, sexually assaulted and harassed. However, Plaintiff alleges that those injuries are from the "'verbalized' transmitions" being directed to Plaintiff from "a unique electronic device(s)." (*See* ECF No. 1 at 6). These allegations are not

1 rational, as described above, and thus also subject to dismissal.

2 Plaintiff's claims concerning his mail emerge in the middle of a single sentence that spans across most of page 13. There, Plaintiff alleges that between April and December 2017, Defendant G. Gonzales ordered other prison officials at Corcoran and SATF to use Xerox machines to change Plaintiff's outgoing mail to be more sexual in order to cause a separation between Plaintiff and his family members. Although the complaint is not entirely clear, it seems Plaintiff also alleges that this conspiracy was also accomplished "from the civilian location of Bakersfield California." Plaintiff alleges Defendant Gonzales orchestrated this conspiracy out of a desire to have sexual contact with Plaintiff's family member "in a stalking fashion" because she assumed that Josefina C. Prado was Plaintiff's wife, not his aunt. (ECF No. 1 at 13).

Viewing these allegations in light of the overall frivolousness of the complaint, the Court finds the allegations about a conspiracy to change Plaintiff's mail are frivolous as well. Plaintiff alleges that for eight months, correctional officers at two facilities and, seemingly, one private residence in Bakersfield (which itself contains stolen technology to surveil Plaintiff) conspired to change his mail. The conspiracy was orchestrated by a single correctional officer because she wants to have sexual contact with a woman whom she believes is Plaintiff's wife, not his aunt. These allegations are delusional and thus frivolous.

Regardless of the frivolity, the allegations are tangential to the complaint. In fact, Plaintiff used this district's form for prisoner civil rights complaints. The form provides room for three claims. Under each claim, plaintiffs can check a box to indicate the nature of the claim brought. One possible box is "Mail." Plaintiff checked a total of 13 boxes, but he never checked "Mail." (See ECF No. 1 at 4-6).

For the foregoing reasons, the Court finds that Plaintiff's complaint is frivolous and recommends dismissing it without leave to amend.

**V.   ANALYSIS OF MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff filed motion for a temporary restraining order on November 2, 2020. (ECF No. 7). The motion states that in reaction to Plaintiff's filing a lawsuit and other complaints, several named Defendants have threatened Plaintiff. It also states that Plaintiff is being harassed with

1   electronic surveillance. (*Id.* at 2).

2   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
3   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
4   balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat.*
5   *Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The substantive standard for granting a temporary
6   restraining order is the same as the standard for entering a preliminary injunction." *Friant Water*
7   *Auth. v. Jewell*, 23 F. Supp. 3d 1130, 1134 n.4 (E.D. Cal. 2014) (citing *New Motor Vehicle Bd. of*
8   *Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977)).

9   The Ninth Circuit considers the likelihood of success on the merits "the most important
10  *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the
11  other factors." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal
12  quotation marks omitted). However, even if likelihood of success is not established, "[a]
13  preliminary injunction may also be appropriate if a movant raises serious questions going to the
14  merits and the balance of hardships . . . tips sharply towards it, as long as the second and third
15  *Winter* factors are satisfied." *Id*. (internal quotation marks omitted).

16  Here, the Court has already found that Plaintiff's complaint is frivolous. Thus, there is no
17  likelihood of success on the merits or even serious questions going to the merits. Therefore, the
18  Court recommends denying the motion for a temporary restraining order.

19  **VI.     CONCLUSION AND RECOMMENDATIONS**

20  For the foregoing reasons, it is HEREBY RECOMMENDED that:

21  1) Plaintiff's complaint be DISMISSED, without leave to amend;

22  2) Plaintiff's motion for a temporary restraining order (ECF No. 7) be DENIED; and

23  3) The Clerk of Court be directed to close this case.

24  These findings and recommendations will be submitted to the United States district judge
25  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one
26  (21) days after being served with these findings and recommendations, the parties may file
27  written objections with the Court.  The document should be captioned "Objections to Magistrate
28  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

9

the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS HEREBY ORDERED that the Clerk of Court is respectfully directed to assign a district judge.

IT IS SO ORDERED.

Dated: **February 17, 2021**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE